## Isaac Hodsdon vs. Calvin Copeland.

The dissolution of a corporation can take place only, either by an act of the legislature where power is reserved for that purpose; or by a surrender of the charter which is accepted; or by the loss of all its members or of an integral part, so that the exercise of corporate powers cannot be restored; or by forfeiture, which must be declared by judgment of Court.

Where an individual stockholder therein, has money of a corporation in his hands, accruing from a sale of corporate property, another share holder cannot recover his proportion of it in an action for money had and received.

But if the corporation assent to a sale of its property by one of its members, and to a distribution of the proceeds of such sale among the holders of the shares, each may recover his proportion thereof in an action against the holder of the money.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The action was assumpsit, and the declaration contained two counts. 1. On an account annexed to the writ, charging the defendant with two shares in the *Bangor & Dexter Stage Company.* 2. Money had and received. From the voluminous exceptions and papers referred to as part thereof, it seems that on the first day of *February,* 1834, the plaintiff, defendant, and others were incorporated into a company by the name of the " *Bangor & Dexter Stage Company ;*" that the company had duly organized under their charter; had chosen officers ; that the subscribers of whom were the plaintiff and defendant, had paid the assessments on the shares subscribed by them ; that records had been kept, but no certificates of stock had been issued ; that the corporation had purchased horses, carriages and other property, and had for a time conducted the business of running a stage ; that the defendant had been chosen one of the agents of the company, and had acted as such ; that the company met *March* 21, 1835, and chose the plaintiff one of the committee, and the defendant agent, and voted to make settlement of all claims and settle all accounts. No records of any proceedings after that time were produced by either party. The clerk of the company, who had sold out his interest, was called as a witness by the plaintiff, and among other things testified, " that at the meeting of 21st of *March,* 1835, the defendant and himself, looked over the books of the defendant, and from the representa-

tions of the defendant and his examination of the books, he made out a memorandum," which was read in evidence, and which was a statement of amounts received and paid out by the defendant, as agent of the company, leaving some balance in his hands. The same witness further testified, "that at this meeting, the subject of selling out all the property of the corporation and closing its concerns, was discussed between the defendant and the witness ; that witness agreed, that if defendant should find a good opportunity to sell, he might do so, and account to witness for what his interest was worth, and that he supposed that the plaintiff had the same conversation with the defendant ; that plaintiff was present at the meeting ; that the defendant was then the owner of twenty-five shares ; that in *July*, 1835, defendant informed the witness that he had sold out the stage property to the *Messrs. Curtis*, and at this time bought of the witness, his two and an half shares, and gave him his notes for $150, and an obligation to save him harmless from all liabilities by reason of his having been a member of the corporation ; that the defendant informed the witness since that time, that he claimed twenty-nine shares out of the thirty-two existing ; that there has never been any meeting of the company since *March* 21, 1835 ; and that all the property of the company, except books, notes and papers, was sold to the *Messrs. Curtis.*" To all this testimony the defendant objected, but the objection was overruled and the testimony admitted. It appears from a contract referred to, that the defendant, as agent of the company, sold out the property to *E. & H. Curtis, June* 22, 1835, reserving a lien thereon for the price agreed on ; that they became insolvent, and that the defendant, acting in the name of the company, took the property, and sold some of it to others.

The counsel for the defendant requested the Court to instruct the jury, that the plaintiff's action was not maintainable ; that if the defendant in the sale of the property, acted as the authorized agent of the company, his acts were binding on the company, and for that act he would not be responsible to the plaintiff for the proceeds of the property thus sold ; that if he acted without authority, and was not authorized by the company to make that contract, yet that any proceeds of the property thus sold which came into his hands subsequently from such sale would be the property, not of

the plaintiff as a stockholder, but of the incorporated company called the *Bangor & Dexter Stage Company*, and that this action could not be maintained by reason of such acts; and that if the plaintiff was the holder of two shares in the company, and the defendant with or without authority undertook to sell, and did sell the property of the company, this action could not be maintained. The Judge declined to give such instructions, and did thereupon instruct them, " that if they found by the evidence the corporation to be in existence and in operation, the defendant its authorized agent, and what he did in relation to the property was done as such, he was not liable to the plaintiff in this action ; but if the corporation had ceased and not being in operation, the defendant took the property of the company and converted the same to his own use, such wrongful intermeddling would render him liable to the plaintiff; and if so, he may waive the tort, and bring assumpsit for the value of his share of the property thus tortiously converted. In such case the real value of the plaintiff's share of the property at the time would be the true measure of damages."

The counsel for the defendant also requested the Judge to instruct the jury, that the evidence was not sufficient to authorize them to find a dissolution of the corporation ; that neither the sale to *E. & H. Curtis*, nor the non-user of the corporation, nor the conversations of *Hill*, the clerk of the company, with the sale of his shares to the defendant, were evidence of a dissolution. The Judge " declined instructing the jury, that they had not sufficient evidence of the dissolution of the corporation, but stated to them, that the acts of the defendant, as agent or as a stranger were not sufficient without the assent or acquiescence of the corporation, but he left them to inquire from the whole evidence, if the action was sustained, upon the principles before stated." The verdict was for the plaintiff, and the defendant excepted.

*Rogers*, for the defendant, argued, that the Judge of the Common Pleas erred in admitting the evidence objected to, in refusing to give the instructions requested, and in giving such as were given, and insisted on the grounds of objection taken at the trial, and that if the corporation was dissolved, its property did not vest in the stockholders, but in the State. He cited 4 *Wheat.* 636; 2 *Bl.*

*Com.* 37; *Kyd on Cor.* 1, 15; *Angel & A. on Cor.* 7, 105, 513; 2 *Kent, (2d Ed.)* 267, 305; *Russell* v. *McLellan,* 14 *Pick.* 63; 3 *T. R.* 241; *Co. Lit.* 13 *b.*

*J. Appleton,* for the plaintiff, said that the right to recover resulted from either of two propositions, each of which he should attempt to support. 1. That the shares of the plaintiff were sold to the defendant. 2. That the corporation was dissolved, and that the property did not revert to the State, but that on the dissolution it is restored to the original owners, and each corporator has the right to call his share of the funds out of the hands of the defendant. He cited in his argument, *Kyd on Cor.* 467; *Slee* v. *Bloom,* 19 *Johns. R.* 456; *Ayliffe,* 204, 205; *Smith* v. *Smith,* 3 *Desau.* 557; *Penniman* v. *Briggs, Hopkins,* 300; *Cases Temp. Wm.* 3, 19; 4 *Gill. & Johns.* 1.

The opinion of the Court was drawn up by

SHEPLEY J. — This Court has recently decided in the case of *Penobscot Boom Corporation* v. *Lamson, ante, p.* 224, in what manner a corporation may be dissolved; and according to the principles there adopted, the corporation referred to in this case does not appear from the evidence reported to have been dissolved. Nor does the doctrine of the case of *Slee* v. *Bloom,* 19 *Johns. R.* 456, apply to this case. That was the case of a creditor, claiming to recover from the private property of the stockholders payment of debts due from the corporation; and no one of them in his answer alleging the existence of it, the decision was, that the corporation might be considered as dissolved for the sake of affording the plaintiff a remedy upon their statute. The plaintiff in this case, is not a creditor of the corporation, but a share holder, claiming to recover of another share holder, who has taken and sold the corporate property, the value of his shares, or the value of his proportion of the corporate property sold. As the corporation was not dissolved, the property continued to belong to it, and not to the share holders; and no one of them could recover against the defendant, upon the ground that as a corporator he was interested in the property of the corporation. Whether the defendant had authority, or had not, to make sale of the corporate property, he was liable to account to the corporation, and not to each corporator as

an individual interested.   The instructions of the Judge were incorrect, as they imply, that if the corporation had ceased or omitted all corporate action, the property belonging to it would thereby become the private property of the share holders.   It may indeed be true, that if the corporation had assented to a sale of its property by the defendant, and to a distribution of the proceeds of such sale among the share holders, the defendant might be regarded as holding it in trust for those entitled.   So it may be undeniable, that if the defendant agreed to purchase the plaintiff's interest in the corporation, he must pay according to agreement.   But the case was not put to the jury upon either of these grounds, and they are the only ones upon which the plaintiff can be entitled to recover, unless the evidence should be materially different.   *Mr. Hill*, the witness, after stating a conversation between himself and the defendant in the presence of the plaintiff, was permitted to say " that he supposed, that the plaintiff had the same conversation with the defendant."   This was not legal testimony.   If the plaintiff can by legal testimony obtain a verdict upon the principles stated, he will have an opportunity.

*Exceptions sustained.*