Jeannine DUPUIS

v.

**PIERRE'S SCHOOL OF BEAUTY CULTURE, INC., et al.**

Supreme Judicial Court of Maine.

Submitted on briefs April 29, 1994.

Decided June 1, 1994.

Allen J. Hrycay, Reef, Jordan & Hrycay, P.A., Portland, for plaintiff.

Jerrol A. Crouter, Drummond, Woodsum, Plimpton & McMahon, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff Jeannine Dupuis appeals from a judgment of the Superior Court (Cumberland County, *Lipez, J.*) denying her claim for damages against defendant Thomas McGuern and her claim seeking the dissolution of defendant Pierre's School of Beauty Culture, Inc. Dupuis argues that the court erred in finding that she had not proven damages and in failing to rule on dissolution. We affirm the judgment with regard to the damage claim, but remand for further findings on the issue of dissolution.

Evidence presented at a jury-waived trial included the following: Plaintiff Jeannine Dupuis and defendant Thomas McGuern each own one-third of the stock in defendant Pierre's School of Beauty Culture, Inc. From 1985 to 1989, McGuern took $50,000 to $55,000 in loans from the corporation for reasons unrelated to its business. Dupuis filed suit against the corporation and McGuern, alleging breach of fiduciary duty and seeking dissolution of the corporation, and damages from McGuern personally.

Dupuis demonstrated that if any dividends were declared, they were to be distributed equally to each shareholder. She failed, however, to elicit any evidence that dividends were to have been declared during the period in which the loans were made. The only evidence on the timing of dividends was that they were "not often" declared. At the conclusion of the plaintiff's case, the Superior Court denied defendants' motions for judgment as a matter of law, stating that Dupuis had made a prima facie showing of breach of a fiduciary duty. In its final judgment, however, the court denied her claim for damages and held that Dupuis had failed to demonstrate any injury in her individual capacity. The court disclaimed any need to rule on the existence of a breach of a fiduciary duty and made no reference to dissolution.

Dupuis argues that there is sufficient evidence for the court to find that she was damaged by McGuern's actions. McGuern responds that there was no evidence that Dupuis was personally harmed. This is not a derivative suit. Dupuis must demonstrate that she was personally injured by McGuern's alleged breach of a fiduciary duty.

*Compare Rosenthal v. Rosenthal,* 543 A.2d 348, 355 (Me.1988) (allowing direct suit by former shareholder against other shareholders where defendants' breach of fiduciary duty led plaintiff to sell his shares to defendants for an unfairly low price), *with Hodsdon v. Copeland,* 16 Me. 314, 317–18 (1839) (a shareholder breaching duty is generally liable only to the corporation, not to other shareholders, unless corporation is dissolved). We uphold the trial court's factual findings unless there is no competent evidence in the record to support them. *Morin Bldg. Prods. Co. v. Atlantic Design & Constr. Co.,* 615 A.2d 239, 241 (Me.1992). Dupuis did introduce evidence showing that McGuern had taken loans from the corporation, but there was no showing that the funds loaned would have been distributed as dividends had the loans not been made. Accordingly, the Superior Court properly found that Dupuis failed to demonstrate any damages in her individual capacity.

Dupuis argues that the Superior Court erred in failing to order dissolution of the corporation. McGuern responds that the court properly exercised its discretion not to order dissolution. The Superior Court may order dissolution of a corporation in an action by a shareholder when it is established that "acts of the directors or those in control of the corporation are illegal or fraudulent" or "corporate assets are being misapplied or wasted." 13–A M.R.S.A. § 1115(1)(D), (E) (1981). Dupuis made a prima facie showing that the loans to McGuern were improper. The court's order, however, focused on the issue of individual damages and made no reference to the request for dissolution. We remand to the Superior Court for further findings.

The entry is:

Judgment denying damages to plaintiff Dupuis affirmed. Remanded for further findings on the request for dissolution.

All concurring.