STATE OF MAINE
CUMBERLAND, ss

ARTHUR J. LEVERIS,

Plaintiff

v.

ELAINE FITTS and
LOLA LEVERIS,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-675

NMI-CUMI- 6/24/2000

ORDER ON DEFENDANTS'
MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT

The defendants move to dismiss the plaintiff's complaint and/or for a summary judgment on all counts of the plaintiff's complaint. M.R. Civ. P. 12(b)(6) & 56. The defendants also seek an award of attorneys' fees and costs. Finally, the defendants move to strike the affidavit of the plaintiff and to strike paragraphs 25-31 of the plaintiff's statement of facts.

## MOTION TO STRIKE

The defendants move to strike the plaintiff's affidavit to the extent it is not based on personal knowledge, paragraphs 25-31 of the plaintiff's statement of material facts, and most of paragraph three of the plaintiff's memorandum in opposition to the defendants' motion. See Defs.' Reply Mem., p. 1, n.2.

### Plaintiff's Affidavit

The defendants move to strike the portions of the plaintiff's affidavit that are not based on personal knowledge and relies on inadmissable hearsay. The jurat of the plaintiff's 16-page affidavit states that it is made on the plaintiff's knowledge, information, and belief. Rule 56 requires affidavits to be made on personal

1

knowledge and set forth facts which would be admissible in evidence. M.R. Civ. P. 56(e). Giving the benefit of the doubt to the plaintiff regarding matters he may have personal knowledge about, possible exceptions to excluding hearsay, and matters which possibly are not hearsay, the following paragraphs of the plaintiff's statement of facts are stricken:

1. Paragraph 3: paragraph 2.

2. Paragraph 4: paragraph 2, sentences 5 and 6; paragraph 3; paragraph 4; paragraph 5.

3. Paragraph 5: paragraph 2, sentences 6-7; paragraph 3.

4. Paragraph 11: sentences 4, 6.

5. Paragraph 12: paragraph 4, sentence 2.

6. Paragraph 13, paragraph 3, sentences 4, 5; paragraph 4, sentence 4; paragraph 5, sentence 1, 9; paragraph 8, sentences 5, 6.

7. Paragraph 14: paragraph 1: sentence 1 ("nor has my attorney"); sentence 2: (regarding his attorney); sentence 4; paragraph 2: sentences 1-4; paragraph 3; paragraph 6, sentences 2, 3.

8. Paragraph 15: paragraph 2.

9. Paragraph 18.

10. Paragraph 19.

11. Paragraph 20.

12. Paragraph 21.

13. Paragraph 22.

In addition to the above objections and the plaintiff's legal conclusions in his statement of facts, the plaintiff's statement of facts is confusing and not responsive to the defendants' statement. <u>See, e.g.</u>, Plaintiff's SDMF, ¶¶ 4-8, 14, 18, 20-24. <u>See</u> <u>Steeves v. Bernstein, Shur, Sawyer & Nelson</u>, 1998 ME 210, ¶ 10, n.9, 718 A.2d 186, 190.

### Paragraphs 25-31

The non-moving party's failure to controvert specific paragraphs of the moving party's statement of material facts results in those facts being deemed admitted. <u>See Prescott v. Sate Tax Assessor</u>, 1998 ME 250, ¶ 6, 721 A.2d 169, 172; M.R. Civ. P. 7(d)(2) ("separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried"). The non-moving party may include additional facts. <u>See Prescott</u>, 1998 ME 250, ¶ 6, 721 A.2d at 172. The court considers paragraphs 25-31 to be additional facts and not facts specifically controverting the defendants' statement of material facts.

### Plaintiff's Memorandum

For the purpose of a motion for summary judgment, whether there is a genuine issue of fact for trial is determined by a comparison of the parties' statements of facts and the record references. <u>See Corey v. Norman, Hanson &</u> <u>DeTroy</u>, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. Any discussion of the facts in the parties' memoranda which differs from, or is in addition to, material contained in the statements of facts is not considered.

## MOTION TO DISMISS/FOR SUMMARY JUDGMENT

### Count I: Failure to Disclose

The plaintiff and defendant Elaine Fitts are equal owners of stock in 519-521 Cumberland Ave., Inc. (the corporation). The parties are the directors of the corporation.

In count I, the plaintiff alleges that the defendants failed to permit him to review the books and other papers of the corporation. Complaint, ¶ 34. The plaintiff has raised an issue of fact with regard to access to the corporate checking account. See Defs.' SUMF, ¶ 22; Pl.'s SDMF, ¶¶ 14.

### Counts III, V, VII: Self Dealing, Breach of Contract, and Breach of Fiduciary Duty

In counts III, V, and VII, the plaintiff alleges that (1) the defendants breached their fiduciary duty to the plaintiff by contracting with E.L.F., Inc. and paying money to that corporation; (2) the defendants breached their contract with the plaintiff regarding how the funds of the corporation would be distributed and how the corporation would be operated, by failing to pay money to the plaintiff, by the taking of a salary by defendant Fitts, and by failing to pay the plaintiff for money he paid on the corporation's behalf; and (3) the defendants breached generally their fiduciary duty to the plaintiff as a shareholder. See Complaint, ¶¶ 10-16, 37-38, 41-45, 48-49.

Maine law requires such agreements to be in writing to be enforceable. See 13-A M.R.S.A. § 618(1) (1981); Villar v. Kernan, 1997 ME 132, ¶¶ 7-10, 695 A.2d 1221, 1223-24; Defs.' SUMF, ¶ 13; Pl.'s SDMF 13, 25; Complaint, ¶¶ 10-19, 38, 42-45, 49. A corporate resolution and promissory notes are not sufficient writings. See 13-A

4

M.R.S.A. §§ 618(1) & 710 (1981); Pl.s' SDMF, ¶¶ 13, 25. The fact that the cause of action is labeled a breach of contract does not obviate the requirements of section 618 regarding agreements between shareholders. See Villar, 1997 ME 132, ¶ 5, 695 A.2d at 1222 (breach of contract claim).

Directors and officers of a corporation must exercise their powers and discharge their duties in good faith. See 13-A M.R.S.A. § 716 (Supp. 1999); Northeast Harbor Golf Club, Inc. v. Harris, 1999 ME 38, ¶ 24, 725 A.2d 1018, 1025. The plaintiff has raised an issue of fact regarding defendants' breach of fiduciary duty to the plaintiff. See Pl.'s SDMF, ¶¶ 4, 5, 17.

## Counts III, V, VII, and VIII: Self-Dealing, Breach of Contract, Breach of Fiduciary Duty, and Freeze Out/Squeeze Out

The plaintiff complains about action allegedly taken at a board of directors' meeting held on 3/16/98. Complaint, ¶¶ 20-30. The defendants argue that because the plaintiff did not attend the meeting and did not promptly object to the action in writing, he has waived any objection to the board's actions. 13-A M.R.S.A. §§ 709 & 712(2)-(4) (1981 & Supp. 1999). See Defs.' SUMF, ¶¶ 17, 18, 20, 21, 24; Pl.s' SDMF, ¶¶ 17, 24, 27, 28. It is not disputed that proper notice was given for all meetings, that the plaintiff did not attend the 3/16 meeting, and that he did not object in writing to the action taken, except for the attorney fee issue. Pl.'s SDMF, ¶ 17; Letter from Attorney Hull. The letter from Attorney Robitzek is dated 10/30/98 and addresses the 11/3 meeting. Although the plaintiff states that he objected numerous times, he does not identify the subject of those objections. See Pl.'s SDMF, ¶ 17. If action taken at a

5

meeting without required call or notice are ratified if a shareholder does not object promptly after learning of the meeting and action taken, such ratification will occur when a meeting is properly noticed and the shareholder does not attend or object. See Webber v. Webber Oil Co., 495 A.2d 1215, 1220 (Me. 1985) (waiver of right to object to inadequately noticed meeting).

In count VIII, in which the plaintiff requests equitable relief, the plaintiff has raised an issue of fact regarding access to the corporate checking account and breach of fiduciary duty. See Pl.'s SDMF, ¶¶ 4, 5, 14, 17.

**Counts II, III, V, and VI: Waste and Corporate Management, Self Dealing, Breach of Contract, and Conversion**

The defendant argues that these claims are derivative because the plaintiff as a shareholder seeks legal redress for injuries to the corporation. See Moore v. Industrial Services, Inc., 645 A.2d 626, 629 (Me. 1994). It is undisputed that no written demand has been made on the corporation to commence a derivative action. See 13-A M.R.S.A. §§ 628(1) & 630(1) (Supp. 1999); M.R. Civ. P. 23A; Defs.' SUMF, ¶ 21; Driscoll Aff., ¶ 10; Pl.'s SDMF, ¶ ¶ 17.

An individual shareholder may sue on his own behalf if he suffers harm separate and distinct from any harm suffered by other shareholders. See Moore, 645 A.2d at 630-31 quoting Forbes v. Wells Beach Casino, 307 A.2d 210, 221 (Me. 1973); Dupuis v. Pierre's School of Beauty Culture, 642 A.2d 854, 855 (Me. 1994). In count II, the plaintiff alleges that the value of shares in the corporation has been affected by the defendants' mismanagement. In count III, the plaintiff alleges that money paid

6

to E.L.F., Inc. should have been paid to the shareholders. In count VI, the plaintiff alleges that the defendants have misused corporate funds. See Complaint, ¶¶ 36, 38, 47-48. These allegations are derivative. See Moore, 645 A.2d at 630. In count V, the plaintiff alleges that he has had to pay on a promissory note from his own funds and that he has not been reimbursed for money he paid on behalf of the corporation. These allegations state an injury separate from any injury suffered by other shareholders. See id.; Complaint, ¶¶ 43, 45.

### Count IV: Accounting and Dissolution

In count IV, the plaintiff request an accounting and dissolution of the corporation. The complaint does not comply with the statutory requirements for an action for judicial dissolution of a corporation. See 13-A M.R.S.A. § 1116 (1981).

It is undisputed that the accounting requested by the plaintiff was mailed to him by certified mail; he refused the letter. See Defs.' SUMF, ¶ 8; Pl.s' SDMF, ¶¶ 7, 8. Accountings have been sent to the plaintiff's attorney. See Defs.' SUMF, ¶ 14; Clement Aff., ¶ 6. The plaintiff's affidavit does not reveal that he has personal knowledge regarding what his attorney received and there is no evidence from Attorney Hull. See Pl.'s SDMF, ¶ 14. All corporate records have been available at Attorney Driscoll's office. See Defs.' SUMF, ¶ 14; Driscoll Aff., ¶ 11. The plaintiff has, however, raised an issue of fact regarding his request for an accounting under oath. See, e.g., Pl.s' SDMF, ¶ 14.

### REQUEST FOR AWARD OF FEES AND COSTS

The defendants' request for an award of attorneys' fees and costs will be

7

addressed at the close of the case.  See 13-A M.R.S.A. § 634(2) (Supp. 1999); Steeves, 1998 ME 210, ¶ 10, n. 9, 718 A.2d at 190, n.9; Linscott v. Foy, 1998 ME 206, ¶ 16, 716 A.2d 1017, 1021.

The entry is

The following is ORDERED on the Defendants' Motion to Dismiss:

> Counts II, III and VI are DISMISSED with prejudice to the Plaintiff individually.
>
> The portion of Count IV pertaining to dissolution is DISMISSED without prejudice.
>
> The remainder of the Defendants' Motion to Dismiss is DENIED.

The following is ORDERED on the Defendants' Motion for Summary Judgment:

> Judgment is entered on Count I of the Plaintiff's Complaint in favor of the Defendants and against the Plaintiff on all issues except access to the corporate checking account.
>
> Judgment is entered in favor of the Defendants and against the Plaintiff on Count V of the Plaintiff's Complaint.
>
> The Defendants' Motion for Summary Judgment is DENIED on Counts IV (accounting), VII and VIII of the Plaintiff's Complaint.

The Defendants' Request for Award of Fees and Costs is reserved for trial.

Date: June 24, 2000

Nancy Mills
Justice, Superior Court

8

Date Filed __11-23-99__ _____CUMBERLAND_____ Docket No. _CV 99-675_____

County

Action ___DAMAGES_____

ARTHUR J. LEVERIS

ELAINE FITTS
LOLA LEVERIS

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WILLIAM D. ROBITZEK, ESQ 784-3576<br>PO BOX 961, LEWISTON ME 04243-0961 | Andrew R. Sarapas, Esq. 774-.<br>One Portland Sq.          (Elaine Fitts)<br>Portland, Me. 04112-0586<br><br><br>Daniel Mitchell, Esq. (Lola Leveris) |

| Date of Entry | |
|---|---|
| 1999<br>Nov. 24 | Received 11-23-99:<br>Complaint Summary Sheet filed.<br>Complaint filed. |
| "     " | |
| Dec. 03 | Received 12/02/99:<br>Summons filed.<br>Defendant Lola Leveris served in hand on 11/26/99. |
| Jan. 25 | Received 01/25/00:<br>Affidavit and Motion in Support of Alternate Method Service filed. |
| Jan. 26 | On 01/26/00:<br>As to Affidavit and Motion in Support of Alternate Method Service,<br>GRANTED, upon condition that plaintiff also serve defendant Fitts, 1.<br>by regular mail and 2. by certified mail, return receipt requested and<br>that Fitts also be served with a copy of this Order. (Warren, J.) |
| ""     "" | On 01/26/00: Copy mailed to William Robitzek, Esq. |
| Feb. 03 | Received 02/02/00:<br>Plaintiff's copy of Complaint, Summons and Affidavit and Motion in Support<br>of Alternate Method Service filed. |
| March 01 | Received 03/01/00:<br>Scheduling Order filed.  (Mills, J.)<br>The entry shall be:  " Scheduling Order filed.  Discovery deadline<br>is 11/01/00.<br>On 03/01/00 copy mailed to William Robitzek, Esq. Elaine Fitts, Pro<br>Se. at RR 1 Box 311, Cornish, Me 04020 and Lola Leveris, Pro Se. at<br>72 Roberts Street, Portland Me 04012 |
| Mar. 03 | Received on 03-03-00:<br>Plaintiff's Notification of Discovery Service filed.<br>Deposition Duces Tecum of Elaine Fitts served on Paul F. Driscoll on<br>03-01-00. |