1998 ME 250

## A. Neal PRESCOTT

### v.

## STATE TAX ASSESSOR.[1]

Supreme Judicial Court of Maine.

Argued Oct. 5, 1998.

Decided Nov. 25, 1998.

---

1. The other defendants named in Counts II and III are as follows: John Picariello, Michael Littlefield, Peter Della Cioppa, John Barmack, Herbert Stern, Michael Cavanaugh, James Cotsis, Elaine Lawson, and Theresa Prejean. The court (*Atwood, J.*) ordered, by agreement of the parties, that Count I (80C appeal) be severed from Counts II and III, that defendants' motions to dismiss be stayed pending resolution of Count I, and that proceedings on Counts II and III be stayed until Count I is resolved by judgment of the court.

Robert W. Bower (orally), Paul F. Driscoll, Norman, Hanson & DeTroy, Portland, for plaintiff.

Andrew Ketterer, Attorney General, Thomas A. Knowlton, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

WATHEN, C.J.

[¶1] A. Neal Prescott appeals from a summary judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) in favor of the State Tax Assessor ("Assessor") assessing employment withholding taxes. The taxes were originally incurred by ACT II, Inc., ("the Company") but were transferred to Prescott, the chief executive officer of the corporation. Prescott argues on appeal that he generated a genuine issue of material fact whether he is a responsible party pursuant to 36 M.R.S.A. § 177 (Supp. 1997), thus precluding summary judgment. He also argues that the Assessor should be barred from this collection effort because he failed to pursue an opportunity to collect the assessment from the Company. Finally, Prescott argues that the court erred in refusing to grant his discovery request. Finding no error, we affirm the judgment.

[¶2] The relevant facts may be briefly summarized as follows: ACT II, Inc., a Maine corporation, was organized in 1991. The Company failed to file withholding returns or pay State of Maine withholding taxes for the months of August, September and October, 1993. The Company also underreported and underpaid its March 1993 and November 1993 State of Maine withholding taxes. In December 1993, the Company filed a petition in bankruptcy.

[¶3] On January 17, 1995, the Assessor issued, pursuant to 36 M.R.S.A. § 177(1), an assessment against Prescott, the Company's chief executive officer (CEO) during the period in question. The assessment transferred to Prescott the taxes, interest, and penalties owed by the Company with respect to the 1993 withholding taxes. After Prescott's request for reconsideration was denied, he filed in Superior Court an appeal against the State Tax Assessor pursuant to M.R.Civ. P. 80C. After discovery, the Assessor filed a motion for summary judgment and Prescott filed a memorandum in opposition. Prescott subsequently filed a motion for summary judgment, and the Assessor filed a response. After hearing, the court entered an order denying Prescott's motion for summary judgment and granting the Assessor's motion for summary judgment. Prescott now appeals.

*I.   Standard of Review*

*A.   Summary Judgment Principles*

[¶4] "We review the entry of summary judgment for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Rodrigue v. Rodrigue,* 1997 ME 99, ¶8, 694 A.2d 924, 926 (citation omitted). Summary judgment will be upheld if the evidence produced demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* "To survive a defendant's motion for summary judgment, a plaintiff must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law." *Id.* (citation omitted).

[¶5] An issue is "genuine" if "there is 'sufficient evidence supporting the claimed factual dispute' to require a choice

between 'the parties' differing versions of the truth at trial.' " *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990). "A fact is material when it has the potential to affect the outcome of the suit." *Vinick v. Commissioner of Internal Revenue*, 110 F.3d 168, 171 (1st Cir.1997). When the court rules on a motion for summary judgment, " '[it] is to consider *only* the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.' " *Handy Boat Serv., Inc. v. Professional Servs., Inc.*, 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (quoting *Gerrity Co. v. Lake Arrowhead Corp.*, 609 A.2d 293, 295 (Me.1992)).

■ [¶ 6] The Assessor argues that Prescott's "statement of the material facts as to which there exists a genuine issue to be tried" should not be considered because it was not responsive to the Assessor's statement of material facts and thus was not in compliance with M.R. Civ. P. 7(d)(2).[2] Accordingly, it argues, that the material facts recited in the Assessor's statement of material facts should be deemed to be admitted. Prescott argues that the reason his statement of facts did not respond by paragraph number to the Assessor's was because the Assessor did not include all the relevant facts in its statement and the primary purpose of his statement was to include those facts that Prescott argues were also material to the court's determination of whether he is a responsible person. Although Prescott's statement appropriately included additional facts, his failure to controvert specific paragraphs in the Assessor's statement of material facts constituted noncompliance with M.R. Civ. P. 7(d)(2) and thus all of the Assessor's facts are

deemed admitted. We will, however, consider Prescott's statement for any additional facts that may be material.[3]

### B. Responsible Person Principles

■ [¶ 7] Prescott argues that he has generated a genuine issue of material fact whether he is a "responsible party" pursuant to 36 M.R.S.A. § 177 (Supp.1997). The statute provides in relevant part as follows:

> **1. Generally** . . . all taxes collected by a person pursuant to chapter 827 [withholding of tax] constitute a special fund in trust for the State Tax Assessor. The liability for the taxes or fees and the interest or penalty on taxes or fees is enforceable by assessment and collection, in the manner prescribed in this Part, against the person and against any officer, director, member, agent or employee of that person who, in that capacity, is responsible for the control or management of the funds or finances of that person or is responsible for the payment of that person's taxes.[4]

36 M.R.S.A. § 177(1) (Supp.1997) (footnotes omitted). Although the issue of whether an individual is a responsible person is a question of fact, "certain facts will almost invariably prove dispositive of a finding of responsibility" as a matter of law. *Barnett v. Internal Revenue Serv.*, 988 F.2d 1449, 1454 (5th Cir.1993).

### II. Analysis

#### A. Principles for determining who is a responsible party

■ [¶ 8] We have not previously interpreted the language of section 177 to deter-

---

2. The rule states in relevant part that:
   (2) The party opposing a motion for summary judgment shall file with the material required to be filed by subdivision (c) of this rule a separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.
   M.R. Civ. P. 7(d)(2).

3. The Assessor argues that many of Prescott's statements are inadmissible on summary judg-

ment because they are not based on personal knowledge, are hearsay, or are conclusory. We agree with the court's finding, however, that "the contested issues in the affidavits which have evidentiary value do not change the basic facts on which this court must decide."

4. "Person" is defined for purposes of Title 36 as follows: "an individual, firm, partnership, association, society, club, corporation, estate, trust, business trust, receiver, assignee or any other group or combination acting as a unit, taxable entity, the State or Federal Government or any political subdivision or agency of either government." 36 M.R.S.A. § 111(3) (1990), *amended by* P.L.1997, ch. 404, § 1.

mine who is a "responsible person." We are guided, however, by federal court decisions involving a similar provision in the Internal Revenue Code [5] and we adopt the following principles used by the federal courts in determining who is a "responsible person."

[¶ 9] First, once it is determined that there is a proper assessment, it is the assessed person's burden to show he is not a "responsible person." *Vinick v. Commissioner of Internal Revenue*, 110 F.3d 168, 171 (1st Cir.1997) (citations omitted).

[¶ 10] Second, we give the term "responsible" a broad interpretation. *Id.* at 172. The determination of responsibility " 'is a matter of status, duty, and authority,' aimed at the ultimate determination of 'whether the person had the power to determine whether the taxes should be remitted or paid or had the final word as to what bills should or should not be paid and when.' " *Id.*

[¶ 11] Third, responsibility is imposed on "all with the responsibility and authority to avoid the default." *Id.*; *see also Brounstein v. United States*, 979 F.2d 952, 955 (3d Cir.1992) ("[e]ach responsible person is jointly and severally liable for the total amount of withholding not paid"); *Muck v. United States*, 3 F.3d 1378, 1381 (10th Cir. 1993) (liability is not confined to the person with greatest control).

[¶ 12] Fourth, responsibility is based "on the *function* of the employee in the business, and not the level of the office held." *Vinick*, 110 F.3d at 172 (citation omitted) (emphasis added); *see also O'Connor v. United States*, 956 F.2d 48, 51 (4th Cir.1992) (liability is derived from substance and not form). The statute " 'is not meant to ensnare those who have merely technical authority or titular designation,' but instead encompasses those close enough to the business to prevent the default." *Vinick*, 110 F.3d at 172 (citation omitted). "The individual assessed either must have exercised his authority over financial affairs or general management, or must have had a duty to do so." *Id.*

[¶ 13] Fifth, in the absence of "uncontroverted evidence establishing an individual's 'precise responsibility' to pay withholding taxes, or of specific acts of management or financial decision-making that would manifest the level of control necessary for responsibility, various indicia may establish responsibility under section 6672(a)." *Id.* (citing *Barnett v. Internal Revenue Serv.*, 988 F.2d 1449, 1455 (5th Cir.1993)). Those indicia include, but are not limited to, "the holding of corporate office, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees," *id.*, as well as check signing authority and managing the day-to-day operations of the business. *See Barnett v. Internal Revenue Serv.*, 988 F.2d 1449, 1455 (5th Cir.1993). Also, co-signatory authority does not necessarily relieve a person of responsibility. *See, e.g., Thomas v. United States*, 41 F.3d 1109, 1114 (7th Cir.1994) (co-signer may have the ability to prevent the company from paying other creditors by refusing to sign the checks to creditors).

[¶ 14] Other relevant principles derived from federal decisions are as follows: One, a responsible person must have significant control over the corporation's finances, but need not have exclusive control. *See Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir.1992). Two, a superior's instructions to an otherwise responsible person to

---

5. The Code provides in relevant part as follows:
(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a) (1989). Even though section 6672 is framed as a 100 percent penalty, it has the same effect as an assessment for the tax. *See Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir.1992). Further, although section 6672 provides that the person must act "willfully" and section 177 includes no such provision, we can still look to the interpretation of the Internal Revenue provision because the analysis is broken down into two components: whether the person is a responsible person and, if so, then whether the person acted willfully.

not pay the taxes will not take the person out of the category of responsible party. *See Greenberg v. United States,* 46 F.3d 239, 243–44 (3d Cir.1994); *see also Brounstein v. United States,* 979 F.2d 952, 955 (3d Cir. 1992). Three, delegating the responsibility for financial matters does not relieve the person of liability. *See Thomsen v. United States,* 887 F.2d 12, 16 (1st Cir.1989). Four, the existence of authority in the general management and fiscal decisionmaking of the company, regardless of whether the authority is actually exercised, is determinative. *See Muck v. United States,* 3 F.3d 1378,1381 (10th Cir.1993).

[¶ 15]  Prescott's argument rests primarily on the principle that liability is derived not from form or title but from substance or function. He cites numerous cases based on this principle and argues that his situation is analogous.

### B. Application of principles to Prescott's situation

■■■ [¶ 16]  The Assessor's statement of material facts established the formalities of the corporate structure and Prescott's position. Specifically, the documentation established Prescott's official title and status as CEO; the duties identified in the written employment contract, as hired "for the purpose of operating and managing the Company's apparel manufacturing business and facility ... with such powers and duties as described in the job description attached hereto or as may be fixed by the Board of Directors" and to "perform such work as is customarily performed by a CEO subject to the direction of the Board of Directors"; Prescott's status on the board of directors as evidenced by the written minutes of the meeting identifying Prescott as a member, present and voting; Prescott's check signing authority and his signature on various payroll withholding checks; Prescott's signature on memos and letters indicating that he instructed the bookkeeper to pay some of the taxes and that he requested the chair of the board to take over as Chief Financial Officer (CFO); and that he voted for the bankruptcy. These facts alone are sufficient to establish that Prescott had the requisite signifi-

cant control over the finances to constitute a responsible person. Prescott agrees that these facts are undisputed, but he argues that they amount of formalities, and that the issue is not whether he had a boilerplate job description labeling him as CEO, but rather whether that label imparted real and actual authority over financial decisions of the Company.

[¶ 17]  Prescott's statement of facts, however, does not relieve him of liability as a responsible person. Viewing the statement in the light most favorable to him, it supports the following: that he made clear in the hiring process that he was not to be involved in the financial side of the company, that he was a project specialist, that the duties that the board of directors asked him to perform were limited to the operations side of the company and not overall management of the company; that, during his tenure, the CFO and acting CFO were in fact responsible for the financial side of the company, particularly, which creditors were to be paid and which were not, and that he had no authority in this area; that it was the chair of the board, who first became aware of the withholding tax delinquency and after that point, although Prescott signed papers as CEO, he did so only at the direction of the chair of the board.

■■■ [¶ 18]  Unlike the facts in the cases he relies on, Prescott was not an outside director, consultant, passive investor, or family member with a title, who received nominal or no pay or had little actual corporate authority. *See, e.g., Campbell v. Nixon,* 207 F.Supp. 826 (E.D.Mich.1962); *Godfrey v. United States,* 748 F.2d 1568 (Fed.Cir.1984); *Geiger v. United States,* 583 F.Supp. 1166 (D.Ariz.1984); *In re Brahm,* 52 B.R. 606 (Bankr.M.D.Fla.1985); *Ghandour v. United States,* 36 Fed.Cl. 53 (1996). Rather, Prescott was hired by the company at a salary of $80,000 per year with an employment contract in which he accepted the responsibility for managing the company, including the responsibility for complying with all state laws. Applying a broad interpretation of responsibility, it is immaterial whether Prescott was taking directions from the chair of the board, *see Brounstein v. United States,* 979 F.2d 952, 955 (3d Cir.1992), or whether he was delegating his financial duties to others and

relying upon them for their expertise, *see Thomsen v. United States,* 887 F.2d 12, 16 (1st Cir.1989). It is significant that, although Prescott stated that he believed he could not authorize the company's bookkeeper to pay the taxes without the CFO's direction, he did in fact instruct her to pay some, but not all, of the taxes, and she paid them, without knowing or questioning whether the CFO had directed the payment. Although Prescott may not have been the only responsible person, we find as a matter of law that he was one of the responsible persons. *See Vinick v. Commissioner of Internal Revenue,* 110 F.3d 168, 172 (1st Cir.1997).

[¶ 19] Prescott also argues that the Assessor should be barred from collecting from him, because of a failure to pursue the opportunity to collect from the bankruptcy estate of the Company. The statute, however, permits collection against the corporation and any responsible person. It states in relevant part that: "The liability ... is enforceable by assessment and collection, ... against the person *and any* officer, director, member, agent or employee of that person." 36 M.R.S.A. § 177(1) (Supp.1997) (emphasis added). Further, 36 M.R.S.A. § 188 (1990) provides in relevant part that: "Each remedy provided in this Title [36] is not exclusive and is in addition to all other remedies prescribed in this Title for the enforcement and collection of any tax imposed by this Title." 36 M.R.S.A. § 188 (1990). Thus, the statute allows separate collection attempts against the corporation and any responsible person or persons. For this reason, the court did not err in refusing to bar the Assessor's right to pursue Prescott. For the same reason, the court did not err in refusing full disclosure of the documents requested by Prescott from the Assessor relating to other parties that the Assessor was pursuing as responsible parties. Whether the Assessor is pursuing any other persons is irrelevant to a determination of Prescott's liability as a responsible person.

The entry is:

Judgment affirmed.