STATE OF MAINE                                        SUPERIOR COURT
PENOBSCOT, SS.                                         Docket No. CV-97-194

FILED AND ENTERED
SUPERIOR COURT

) FEB 17 2000

PENOBSCOT COUNTY

Randy Jordan,
        Plaintiff                    )
                                      )
                                      )
        v.                            )           **ORDER ON MOTIONS**
                                      )          **FOR SUMMARY JUDGMENT**
                                      )
                                      )
                                      )
Hawker Mfg. Co. et al.,               )
        Defendants                    )

By orders dated October 30 and December 22, 1998, all claims filed by the plaintiff in this product liability action -- save one -- were dismissed. In the claim that remains pending, the plaintiff alleges that the defendant (Hawker Dayton Corporation[1]) breached its duty to provide warnings regarding equipment which was manufactured and sold by a company whose assets it (Hawker Dayton Corp.) acquired, and which caused injury to him subsequent to that acquisition. On this remaining claim, the parties have filed cross-motions for summary judgment.

---

[1] The October 22 order also addressed the identity of the parties against whom the plaintiff's claims may be pursued here. In that order, the court concluded that Hawker Dayton Corporation is the only such party-defendant. This ruling coheres with the outcome of a federal proceeding between these parties and arising out of the same incident. There, the first circuit concluded that the present defendant is not liable as a successor for any tortious conduct of the company from which it purchased the machine at issue here. *Jordan v. Hawker Dayton Corp.*, 62 F.2d 29 (1st Cir. 1995) (applying Maine law found in *Director of Bureau of Labor Standards v. Diamond Brands, Inc.* 588 A.2d 734, 738 (Me. 1991)). Thus, because Hawker Dayton Corporation is the only party-defendant in this case, the only remaining issue is whether it was under an independent duty to warn and, if so, whether it breached that duty.

1

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. The court cannot decide an issue of fact even if the opposing party's chances of prevailing at trial on that issue are improbable. *Cottle Enterprises, Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330, 334.

Both parties have submitted statements of material fact. However, the plaintiff's rule 7(d) submission in opposition to the defendant's motion failed to "controvert specific paragraphs in the [movant's] statement of material facts." *See Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 6, 721 A.2d 169, 172; *Kezer v. Mark Stimson Associates*, 1999 ME 184, ¶ 2 n.1, ___ A.2d ___, ___. In other words, in *Prescott*, the opponent's rule 7(d) statement "did not respond by paragraph number to the" movant's rule 7(d) statement. 1999 ME 184, ¶ 6, 721 A.2d at 172. Here, the plaintiff's statement suffers from the same flaw. Therefore, the defendant's facts are deemed admitted. *Id.* Nonetheless, the plaintiff's statement will be considered "for any *additional* facts that may be material." *Prescott, id.* (emphasis added).

The court relies on the standard of liability for a successor's post-sale failure to warn, as suggested in RESTATEMENT (THIRD) OF TORTS: PRODUCTS

## Liability of Successor for Harm Caused by Successor's Own Post-Sale Failure to Warn

(a) A successor corporation or other business entity that acquires assets of a predecessor corporation or other business entity, whether or not liable under the rule stated in § 12, is subject to liability for harm to persons or property caused by the successor's failure to warn of a risk created by a product sold or distributed by the predecessor if:

    (1) the successor undertakes or agrees to provide services for maintenance or repair of the product or enters into a similar relationship with purchasers of the predecessor's products given rise to actual or potential economic advantage to the successor, and

    (2) a reasonable person in the position of the successor would provide a warning.

(b) A reasonable person in the position of the successor would provide a warning if:

    (1) the successor knows or reasonably should know that the product poses a substantial risk of harm to persons or property; and

    (2) those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm; and

    (3) a warning can be effectively communicated to and acted on by those to whom a warning might be provided; and

    (4) the risk of harm is sufficiently great

---

[2] In Maine, there does not exist authoritative law establishing the standard of liability for the claim presented here. The Restatement is a logical source to turn to, particularly in light of the Law Court's routine reliance on it.

to justify the burden of providing a warning.

In the analysis of section 13 of the Restatement, the commentators note that when a successor supplies parts with knowledge of a defect, the successor *may* enjoy enough of an economic advantage to justify imposition of a duty to warn. *Id.,* comment b.

When viewed within this legal framework, the record on summary judgment establishes a genuine issue of material fact regarding section 13(a)(1). Here, the defendant did not have an ongoing service contract with the owner of the machine that caused the plaintiff's injury (namely, the plaintiff's employer). However, the defendant supplied parts to the employer. These included parts that were used on the machine at issue here. The record on summary judgment does not reveal the number or frequency of these transactions. The record also indicates that subsequent to the defendant's acquisition of the manufacturer's assets but prior to the plaintiff's injury, the defendant was aware that the protective guards on the machine were sometimes removed by the customers. *See* Plaintiff's rule 7(d) statement at ¶ 20; January 17, 1994, deposition of William Darrow at p. 186-87 (noted in Plaintiff's rule 7(d) statement at ¶ 28). This appears to be the feature of the machine that the plaintiff claims was dangerous and should have been the subject of a warning issued by the defendant.

In the context of this case, the question of whether the predicate to liability under section 13(a) exists is a close one. In *Tucker v. Paxson Machine Co.*, 645 F.2d 620 (8th Cir. 1981), for example, summary judgment for the defendant-successor was affirmed where the successor had actually serviced the customer's machines similar to the one causing the injury and

4

the successor knew of the defect. *Id.* at 626-27. However, the predecessor manufactured and sold the machine to the customer more than fifty years prior to the defendant's ultimate but indirect acquisition of the manufacturer's assets, and the successor did not agree to service the machines. *Id.* at 626-27. Significantly, the service contracts were held by a separate corporation. Thus, there was an identifiable entity other than the defendant-successor to whom a customer would be expected to turn for maintenance and repairs. This had the additional effect of reducing or possibly eliminating any economic advantage accruing to the successor from such post-sale transactions.

Here, to the extent revealed by this record, the defendant would be a logical and foreseeable choice to play some ongoing role in the maintenance of its predecessor's machines. This creates a stronger argument, compared to the circumstances found in *Tucker*, that the defendant would receive some economic advantage from its relationships with the manufacturer's customers. Additionally, the successor in *Tucker* was further removed (both in terms of time and in terms of the chain of ownership of the manufacturer's assets) from the injury-producing machine than is the defendant here. (The eighth circuit found this degree of attenuation to be significant.)

From this, the court finds that there exists a genuine factual argument that the defendant received an "actual or potential economic advantage" from these transactions. The facts, as presented in the present record, certainly approach those discussed in *Tucker*. In this regard, the plaintiff's case regarding section 13(a) may be a difficult one -- at least on this record. Nonetheless, subtle but important differences in the factual

5

content of these cases persuades the court that the record does not warrant entry of summary judgment for the defendant.

The court further finds, in part for the reasons noted above, that there exist genuine issues of material fact regarding each of the elements set out in section 13(b) of the Restatement formulation of liability.

The entry will be:

For the reasons set out in the order dated February 16, 2000, the parties' motions for summary judgment are denied.

Dated:    February 16, 2000

_____
JUSTICE, SUPERIOR COURT

6

Date Filed ___8/29/97___ ___PENOBSCOT___ Docket No. ___CV-97-194___

County

Action ___CIVIL-PERSONAL INJURY___

Assigned to Justice Jeffrey L. Hjelm

**DONALD L. GARBRECHT**
LAW LIBRARY

*HAWKER MANUFACTURING CO.,
HAWKER DAYTON CORPORATION,
*HARTFORD FIRE INSURANCE COMPANY,

RANDY JORDAN, **MAR 6 2000** vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ferris, Dearborn & Willey<br>PO Box 609<br>Brewer, Maine 04412-0609<br>By: N. Laurence Willey, Esq.<br>Laurie Anne Miller, Esq.<br>For: Randy Jordan | RELLA, DOSTIE & TUCKER<br>One Cumberland Place, Suite 308<br>P O Box 696<br>Bangor, ME 04401<br>By: Carl F. Rella, Esq. and<br>Julie D. Farr, Esq.<br>For: Hartford FIre Ins. Co. |
| | RUDMAN & WINCHELL, LLC<br>84 Harlow Street<br>P O Box 1401<br>Bangor, ME 04402-1401 |

By: David C. King, Esq. for Defts Hawker
Manufacturing and Hawker Dayton Corp.

| Date of Entry | |
|---|---|
| 8/29/97 | Complaint filed. |
| 9/3/97 | Case File Notice and Pretrial Scheduling Statement and Jury Demand forwarded to Plaintiff's attorney. |
| 12/12/97 | Motion for Enlargement of Time to make Service of Process on Defendants filed by Plaintiff. |
| 12/23/97 | Officer's Return of Service as to Hartford Fire Insurance Company filed (s.d. 12/19/97 by Bruce Gerrity, Esq.) |
| 12/31/97 | Officer's Return of Service as to Defendant Hawker Manufacturing Co. filed. (s.d. 12/23/97) |
| 12/31/97 | Officer's Return of Service as to Defendant Hawker Dayton Corporation filed. (s.d. 12/23/97) |
| 1/12/98 | Motion to Dismiss filed by Defendant Hartford Fire Insurance Company. |
| 1/12/98 | Memorandum of Law in Support of Motion to Dismiss filed. Exhibit A attached. |
| 1/13/98 | Notice of Removal to the United States District Court filed by Defendants. (Copy of Answer attached.) |
| 1/13/98 | Application to Clerk for Default With Affidavit filed by Plaintiff. Request for Default aagainst Hartford Fire Insurance Co. |
| 1/13/98 | Application to Clerk for Default with Affidavit filed by Plaintiff. Request for Default against Hawker Manufacturing Co. and Hawker Dayton Corporation. |

(Over)