STATE OF MAINE

KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-103

SKS-KEN- 2/15/2000

DONALD COULOMBE, )
                  )
        Plaintiff, )
                  )
    v.            )
                  )
THE SALVATION ARMY and )
PINE STATE ELEVATOR     )
COMPANY,                )
                  )
        Defendants. )

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

This matter comes before the court on the Motion for Summary Judgment brought by defendant Pine State Elevator Company. The court has fully considered the Statements of Material Facts, pleadings and arguments of all parties and concludes the motion will be granted in part.

## BACKGROUND

On September 30, 1996, Michael Coulombe died after falling down an elevator shaft at the Salvation Army Rehabilitation Center in Portland. Coulombe was making breakfast in the kitchen on the second floor of the Center when he needed to go down to the first floor in order to get food out of the refrigerator. Seeing that the elevator door was closed, Coulombe got a screwdriver and removed the handle that was covering a hole in the door. The hole could not be seen when the handle was in place. After removing the handle, Coulombe stuck a long, slender knife sharpener into the hole and tripped the locking device on the other side of the door.

1

Coulombe then opened the elevator door, stepped into the dark elevator shaft, and fell to the bottom. All of these facts are undisputed by the plaintiff and the two defendants.

The personal representative of Coulombe's estate instituted this action against the Salvation Army and Pine State Elevator Company ( Pine State). Count one of the complaint alleges that the Salvation Army was negligent in allowing the elevator to be operated in a defective condition requiring the use of a knife sharpener to open its doors and allowing it to be operated when it had not been properly inspected. Count two alleges that Pine State was negligent as the result of its inadequate maintenance, inspection and certification of the elevator. A third count was added to the complaint, alleging that the Salvation Army was negligent in allowing renovations to the elevator's exterior doors, by failing to provide a safe means of entering and exiting the elevator, and by allowing holes to be drilled in the safety switch so that the doors could be operated with a sharp object. Plaintiffs also allege in this third count that Pine State was negligent in conducting inspections by "failing to identify the obvious hazard in the use of the doors, the bypass of the safety switch, and the dangerous condition entering and leaving said elevator through its doors." Pine State has filed the present motion for summary judgment which has been opposed by both plaintiff and the Salvation Army.

### DISCUSSION

In order to prevail on its motion for summary judgment, Pine State must show with regard to each of the two counts alleged against it that there is no

2

genuine issue as to any material fact and that it is entitled to summary judgment as a matter of law. M.R. Civ. P. 56. In order to test for the existence of any contested material facts, the moving party is required to submit ". . . a separate, short and concise statement of the material facts, supported by appropriate record references, . . ." M.R. Civ. P. 7(d)(1). The opposing party(s) must then specifically controvert any of these material facts and if they fail to do so, the stated facts will be considered as being admitted. M.R. Civ. P. 7(d)(2). In the present case, as in *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 6, 721 A.2d 169, 172, the plaintiff submitted his own statement of material facts but failed to controvert specific paragraphs in Pine State's statement of material facts. The Salvation Army did respond specifically to Pine State's statement of facts but controverted only statements number 11, 12 and 13 concerning the awareness of Pine State employees that the second floor elevator door was being opened by sticking objects through a hole in the door. Since these are the only paragraphs properly controverted by either of the opposing parties, all other paragraphs in Pine State's statement of material facts are deemed to be admitted (*see also Kezer v. Mark Stimson Associates*, 1999 ME 184, ¶ 2, n.1, _____ A.2d _____, ____ n. 1).[1]

Counts II and III of the amended complaint contain allegations that Pine State

---

[1] The plaintiff's failure to controvert the specific paragraphs in Pine State's statement of material facts is not the only difficulty presented by his response. The plaintiff presented his own statement of additional material facts and, as noted by Pine State in its reply memorandum, many of the statements are either clear speculation or misstatements of the supporting testimony or affidavits. This was particularly apparent in paragraphs 7, 8, 12 and 16. Although the court does not agree that these misstatements and conclusory statements necessarily require sanctions under M.R. Civ. P. 11, the court will strike these paragraphs from the plaintiff's statement of material facts and counsel is cautioned in this regard for any future summary judgment motion practice.

was negligent in two different ways; first, by negligent performance of the work on the elevator that Salvation Army hired it to perform (count II), and second, by negligent failure to warn of unsafe operating procedures it knew or should have known to exist (count III).   With regard to the first allegation, neither the plaintiff nor Salvation Army has contested Pine State's statement of material fact that none of the repairs Pine State did to the elevator or problems that it fixed had anything to do with Mr. Coulombe's accident and that Pine State is unaware of anything it did physically to contribute to Coulombe's accident.  Since these facts are not contested and are considered true, Pine State's motion for summary judgment will be granted to the extent that plaintiff seeks to hold Pine State liable for negligent work on the elevator.

With regard to the second allegation, the key factual question is whether Pine State knew that the second floor elevator door could be or was being operated in the irregular  manner used by Mr. Coulombe.   Although Pine State includes in its statement of material fact that "No Pine State employee was aware of the hole in the second floor elevator door." (paragraph 12) and "No Pine State employee was aware that people in the building ever opened the second floor door by unscrewing the handle and then sticking objects through the hole in the door to trip the lock." (paragraph 13), these statements were appropriately challenged by Salvation Army. These statements have record references to the affidavit and deposition of Mr. McDuffie, an official of Pine State, rather than the repairmen who actually went to the Salvation Army building.  Mr. McDuffie makes these statements only to the

4

extent of his knowledge and he does not appear to have have sufficient personal knowledge to support the statements. Therefore, the extent of Pine State's knowledge remains a contested fact.

The extent of any knowledge by Pine State that the Salvation Army elevator could be or was being operated in an unsafe manner is a material fact. If Pine State was aware of a dangerous operating situation, it could be plausibly argued, particularly in light of Pine State's own internal policies in this regard, that Pine State owed a duty to report the condition. This duty might logically be extended to those who routinely use the elevator. Although the Law Court has noted that without some special relationship there is generally no duty to protect someone from a danger unless the defendant created the danger (*Bryan R. v. Watch Tower Bible & Track Society*, 1999 ME 144, ¶ 11, 738 A.2d 839, 844), none of the cases on point has involved a company engaged in the repair, maintenance and testing of a conveyance such as an elevator, with its potential hazards. In any event, the legal determination of whether a duty existed between Pine State and Mr. Coulombe, though a matter of law, should await further factual development.

For the reasons stated above, the entry is:

    (1)    Pine State's motion for summary judgment as to count II is GRANTED to the extent that it is claimed the accident was due to negligence as a result of any affirmative action by Pine State.
    (2)    Pine State's motion for summary judgment as to count III is DENIED.

Dated: February 15, 2000

S. Kirk Studstrup
Justice, Superior Court

5

Date Filed **5/8/97**      **Kennebec**     Docket No. **CV97-103**
County

Action **Property negligence**

**Vol. Neutral:**
**Hugh Calkins Esq.**
**One Monument Way 2nd Floor**
**Portland Maine 04101**

DONALD GARNER(?)
OF KENNEBEC CO(?)

FEB 1? ?00?

| Donald Coulombe | vs. | The Salvation Army and Pine State Elevator Co. |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sumner H. Lipman,Esq.<br>PO Box 1051<br>Augusta, Me. 04332 | Stephen C. Whiting,Esq. (Pine State Elevat<br>PO Box 7108<br>Portland, Me. 04112<br>Alan R. Nye,Esq. (co-counsel-Salvation Army<br>Richard N. Hewes,Esq.(Salvation Army)<br>48 Free St.<br>Portland Me. 04101 |

| Date of Entry | |
|---|---|
| 5/8/97 | Complaint filed. s/Lipman,Esq.<br>ADR scheduling statement mailed to Atty. |
| 5/14/97 | Summons filed. Service was made on The Salvation Army on May 9, 1997.<br>Summons filed. Service was made on Pine State Elevator Company on 5/9/97. |
| 5/22/97 | Defendant Pine State Elevator Companys response to the plaintiffs complaint filed. s/Whiting,Esq. |
| 5/27/97 | Answer of defendant The Salvation Army filed. s/Hewes,Esq. |
| 6/3/97 | Pretrial Scheduling Statement and Jury Demand, filed. s/Lipman, Esq. |
| 6/6/97 | ASSIGNMENT OF VOLUNTEER NEUTRAL, FILED.<br>Copy of docket sheet, assignment of volunteer neutral, reports of conference of volunteer neutral and Muskie Institute survey mailed. |
| 6/12/97<br>6/17/97 | Letter from John Nivison declining assignment of neutral.<br>2ND ASSIGNMENT OF VOLUNTEER NEUTRAL, FILED.<br>Copy of docket sheet, assignment of volunteer neutral, reports of conference of volunteer neutral and Muskie Institute survey mailed. |
| 6/23/97 | Letter entering appearance filed. s/Nye,Esq. |
| 7/7/97 | Notification of Discovery Service filed. s/Whiting, Esq.<br>Defendant Pine State's Interrogatories to Plaintiff Donald Coulombe<br>Defendant Pine State's first request for production from the Plaintiff<br>served on Sumner Lipman, Esq. on 7/2/97 |
| 7/18/97 | Schedule of Conference on August 27, 1997 at 10:00 a.m., filed.<br>s/Calkins, Esq. |
| 10/1/97 | Notification of Discovery Service filed. s/ Hewes, Esq.<br>Salvation Army's interrogaroties propounded upon Pine State Elevator Co.<br>and Salvation Army's first request for production of documents propounded<br>upon Pine State Elevator Company served on Stephen C. Whiting, Esq. on<br>9/26/97 |
| 10/14/97 | Notice of Discovery service filed. s/Hewes, Esq.<br>Defendant, The Salvation Army's request for admissions to the Plaintiff<br>served on Sumner H. Lipman, Esq. on 10/10/97 |

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-103
SKS-KEN-10/10/2000

DONALD COULOMBE,

Plaintiff

v.

DECISION ON MOTION
FOR SUMMARY JUDGMENT

THE SALVATION ARMY, *et al.,*

Defendants

This matter comes before the court on the motion for summary judgment of defendant Salvation Army based on (1) the charitable immunity doctrine, and (2) an apparent release by Michael Coulombe agreeing to hold The Salvation Army harmless for claims arising from accidents causing him personal injury. This motion was filed early in the case, but was deferred pending further discovery and the court's decision on other orders. After recitation of further background facts, these issues will be considered in reverse order.

## Background

The general background concerning the accident which caused the death of Michael Coulombe are set forth in this court's order of February 15, 2000, and are incorporated herein. In that order, the court noted that the plaintiff had failed to specifically controvert any of the material facts set forth with regard to the motion for summary judgment of the other defendant, Pine State Elevator Company. Since those facts were not specifically controverted, they were considered as being

1

admitted. M.R. Civ. P. 7(d)(2). The plaintiff's opposition to the present motion by The Salvation Army, filed four months later on June 19, 2000, again fails to specifically controvert any of the material facts set forth in The Salvation Army's statement, but submits only a "statement of additional material facts." Again, the court will consider the moving party's statement of material facts as being admitted.[1]

The Salvation Army is a nonprofit organization with no capital stock and no provision for making profit or issuing dividends. The Salvation Army derives its funds mainly from public and private charity and holds these funds in trust for the purposes of The Salvation Army. The total net worth, so to speak, of the organization derives from these contributed funds and increases to the funds due to investment profits. All of the funds received by The Salvation Army are charitable donations from individuals and corporations, including contributions in the form of used goods and clothing. The Salvation Army applies all of its proceeds for the charitable purposes for which The Salvation Army was founded.

## Discussion

Considering The Salvation Army's issues in reverse order, it argues that the indemnification and hold harmless provisions of the Beneficiaries Admittance Statement executed by Michael Coulombe on September 3, 1996, acts as a waiver of any claim for damages from personal injury advanced by the plaintiff. After

---

[1] In fairness to the plaintiff, The Salvation Army's statement of uncontroverted material facts was not set forth in numbered paragraphs which would be easily referenced. Nevertheless, the plaintiff could have fashioned a response controverting specific facts.

2

considering the wording of the document and the circumstances under which it was presented to Mr. Coulombe -- as he was entering a substance abuse treatment program -- the court agrees with the plaintiff that this waiver would not prevent the present suit. However, this conclusion provides little consolation for the plaintiff, for reasons stated below.

The primary issue presented in the motion for summary judgment is The Salvation Army's claim that it is entitled to immunity under the Charitable Immunity Doctrine recognized in Maine. *Child v. Central Maine Medical Center*, 575 A.2d 318 (1990); *Thompson v. Mercy Hospital*, 483 A.2d 706 (1984). In order to benefit from the doctrine, the organization must prove that its funds came from "primarily from public and private charity." *Child* at 320. The nexus of the present controversy is how to treat the increase in value of previously contributed funds. There seems to be no question that the bulk of The Salvation Army's present assets began as private and corporate philanthropic contributions. However, through the passage of time and investment, the annual increase of the earlier contributions outstrips the value of present contributions. The plaintiff argues that this income on investments somehow has lost its contributable character. The court does not agree. The court concludes that both in the source of funds and in the nature of their use, The Salvation Army is a charitable institution which should benefit from the immunity doctrine.

Having found that The Salvation Army is a charitable organization entitled to immunity, a more complex issue is whether it has waived that immunity

3

pursuant to 14 M.R.S.A. § 158. That statute provides that a charitable organization shall be considered to waive its immunity to the extent that it has obtained a "policy of insurance" covering the organization "for negligence or any other tort." The combined statements of undisputed material facts reveal that The Salvation Army, as a national organization, has obtained an umbrella insurance policy for general liability for that portion of any judgment which exceeds $5,000,000. However, any judgment rendered for the plaintiff against The Salvation Army would be for less than $5,000,000 and would be paid from funds of The Salvation Army. The question becomes whether The Salvation Army's practices with regard to claims under $5,000,000 would constitute a waiver under section 158.

The Salvation Army, as a national and regional organization, apparently has a program of risk management. This program includes the purchase of insurance for property, fire, automobile, workers' compensation, and general liability coverage (as discussed above). In addition, with respect to general liability, The Salvation Army has a program which could be described as "self-insurance" if it were implemented in a large noncharitable organization. This program appears to be primarily used to settle small premise liability cases such as those that would arise from summer camp accidents. The plaintiff argues that if it looks like insurance, walks like insurance, and sounds like insurance, it must be insurance. However, the court is not persuaded that this is sufficient to constitute a waiver pursuant to section 158. The Salvation Army has never formally waived its charitable immunity, at least in Maine, and the fact that it is selective in its self-insurance does

4

not abrogate the public policy rationale behind charitable immunity. There is no policy of insurance with a provision that the insurer shall be estopped from asserting charitable immunity, and the fact that the organization may choose to settle claims for minor injuries consistent with its charitable purposes does not mean that the organization has opened its doors for more substantial claims. In summary, despite The Salvation Army's practice of settling smaller claims and its umbrella liability insurance policy, the court concludes that the organization has not waived its sovereign immunity.

The order will be:

> The Salvation Army's motion for summary judgment is GRANTED and judgment shall be entered for The Salvation Army on all counts.

Dated: October___10___, 2000

S. Kirk Studstrup
Justice, Superior Court

5

Date Filed __5/8/97__ ____Kennebec____ Docket No. __CV97-103__
County

Action __Property negligence__

**J. STUDSTRUP**

**Vol. Neutral:**
**Hugh Calkins Esq.**
**One Monument Way 2nd Floor**
**Portland Maine  04101**

NOV 14 2000

Donald Coulombe                    The Salvation Army and
                                vs. Pine State Elevator Co.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sumner H. Lipman,Esq. | Stephen C. Whiting,Esq. (Pine State Elevat |
| PO Box 1051 | PO Box 7108 |
| Augusta, Me.  04332 | Portland, Me.  04112 |
| David M. Lipman, Esq. | Alan R. Nye,Esq. (co-counsel-Salvation Arm |
|  | Richard N. Hewes,Esq.(Salvation Army) |
|  | 48 Free St. |
|  | Portland Me. 04101 |

| Date of Entry | |
|---|---|
| 5/8/97 | Complaint filed.  s/Lipman,Esq.<br>ADR scheduling statement mailed to Atty. |
| 5/14/97 | Summons filed.  Service was made on The Salvation Army on May 9, 1997.<br>Summons filed.  Service was made on Pine State Elevator Company on 5/9/97. |
| 5/22/97 | Defendant Pine State Elevator Companys response to the plaintiffs<br>complaint filed.  s/Whiting,Esq. |
| 5/27/97 | Answer of defendant The Salvation Army filed.  s/Hewes,Esq. |
| 6/3/97 | Pretrial Scheduling Statement and Jury Demand, filed. s/Lipman, Esq. |
| 6/6/97 | ASSIGNMENT OF VOLUNTEER NEUTRAL, FILED.<br>Copy of docket sheet, assignment of volunteer neutral, reports of<br>conference of volunteer neutral and Muskie Institute survey mailed. |
| 6/12/97<br>6/17/97 | Letter from John Nivison declining assignment of neutral.<br>2ND ASSIGNMENT OF VOLUNTEER NEUTRAL, FILED.<br>Copy of docket sheet, assignment of volunteer neutral, reports of<br>conference of volunteer neutral and Muskie Institute survey mailed. |
| 6/23/97 | Letter entering appearance filed.  s/Nye,Esq. |
| 7/7/97 | Notification of Discovery Service filed.  s/Whiting, Esq.<br>Defendant Pine State's Interrogatories to Plaintiff Donald Coulombe<br>Defendant Pine State's first request for production from the Plaintiff<br>served on Sumner Lipman, Esq. on 7/2/97 |
| 7/18/97 | Schedule of Conference on August 27, 1997 at 10:00 a.m., filed.<br>s/Calkins, Esq. |
| 10/1/97 | Notification of Discovery Service filed. s/ Hewes, Esq.<br>Salvation Army's interrogaroties propounded upon Pine State Elevator Co.<br>and Salvation Army's first request for production of documents propounded<br>upon Pine State Elevator Company served on Stephen C. Whiting, Esq. on |