STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. CV-00-154



FILED AND ENTERED
SUPERIOR COURT

SEP 1 4 2001

PENOBSCOT COUNTY

Patrick McKenney et al.,        )
              Plaintiffs        )
                                )
                                )
              v.                )         **ORDER ON MOTION**
                                )         **FOR SUMMARY JUDGMENT**
                                )
                                )
Georgeanne L. Jackson et al.,   )
              Defendants         )


        Pending before the court is defendant Georgeanne L. Jackson's motion for summary judgment on the claims made against her by both plaintiffs. The court has considered the parties' submissions associated with the motion.

        In support of their positions, both Jackson and the plaintiffs have filed statements of material fact. The plaintiffs' statement of material fact, however, fails to satisfy the requirements of rule 56(h) because it does not specifically "deny" or "qualify" those matter that they appear to controvert and because their statement fails to make reference to the numbered paragraphs of Jackson's statement that they appear to controvert. Because the plaintiff's rule 56(h) statement is defective, Jackson's statement of material fact is deemed admitted. *See Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 6, 721 A.2d 169, 172.

        Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v.*

1

*Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926.

Here, the record on summary judgment establishes that Jackson, who was behind the vehicle occupied by the plaintiffs, was stationary as she and plaintiff Stevens (the operator of the vehicle in which plaintiff McKenney was a passenger) waited for a traffic light to change. The front of the Jackson vehicle was twelve feet behind the rear of the Stevens vehicle. Jackson had been stopped for at least several seconds when the rear of her vehicle was struck by the vehicle operated by defendant Merry.

This record does not generate a factual or legal claim that Jackson operated her vehicle negligently. Contrary to the plaintiffs' argument, there does not exist a genuine issue of factual dispute either that Jackson was speeding or travelling too fast for existing conditions (indeed, she was not moving at all when Merry struck her vehicle) or that she stopped too close to the Stevens vehicle.

The entry shall be:

Summary judgment is entered for defendant Georgeanne L. Jackson on all claims made against her. She is awarded her costs of court.

Dated:  September 14, 2001

Justice, Superior Court
Jeffrey L. Hjelm

2

Date Filed __8/7/2000__ __PENOBSCOT__ Docket No. _closed_ CV-2000-154

County

Action __PERSONAL INJURY__

ASSIGNED TO JUSTICE JEFFREY L. HJELM

| PATRICK MCKENNEY and KELLIE RAE STEVENS | vs. | GEORGEANNE L. JACKSON and JEFFREY E. MERRY |
|---|---|---|

Plaintiff's Attorney
LAURIE ANNE MILLER, ESQ.
JULIO DESANCTIS ESQ
P O BOX 190 - River Road
ORRINGTON, ME 04474

Defendant's Attorney
Weatherbee, Woodcock, Burlock & Woodcock
PO Box 1127
Bangor, Maine 04402-1127
BY: John A. Woodcock, Jr., Esq.
FOR: Georgeanne L. Jackson

Richardson, Whitman, Large & Badger
One Merchants Plaza, PO Box 2429
Bangor, Maine 04402-2429
BY: Frederick J. Badger, Jr., Esq.
FOR: Jeffrey Merry

| Date of Entry | |
|---|---|
| 8/7/00 | Complaint filed. |