STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-98
JLH - ?

FILED AND ENTERED
SUPERIOR COURT

JUL 29 2002

PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

AUG 13 2002

Phyllis D. Freese,
       Plaintiff

v.

Sharon Robinson et al.,
       Defendants

Order on Cross-Motions for
Partial Summary Judgment

Pending before the court are the parties' cross-motions for summary judgment on the limited question of whether, in this employment discrimination action, the plaintiff is entitled to a jury trial and certain forms of relief available under the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551 *et seq.* In an employment discrimination claim brought under the MHRA, a plaintiff is entitled to compensatory and punitive damages at law and as prescribed by statute, if the employer has at least fourteen employees "in each of the 20 or more calendar weeks in the current or preceding calendar year . . . ." 5 M.R.S.A. §§ 4613(2)(B)(8)(e)(i). In such a case where those damages are available to a plaintiff, either party may demand a trial by jury on the issues of liability and those damages. 5 M.R.S.A. §§ 4613(2)(B)(8)(g). If the number of the defendant's employees falls below the statutory threshold set out in section 4613(2)(B)(8)(e), then the plaintiff is limited to the equitable remedies identified in section 4613(2)(B)(2) (reinstatement or frontpay, with or without backpay) and neither party is entitled to a trial by jury. The specific issue generated by the parties' motions is whether two motels that are owned jointly by the defendants can be viewed as a joint employer, thereby exposing the defendants to liability for compensatory and punitive damages because of the combined number of persons in their employ during the relevant period of time.[1]

---

[1] Under the terms of the scheduling order in this case, the defendants' motion for summary judgment is not timely because it was filed more than 60 days after the discovery deadline. The plaintiffs correctly note, however, that this procedural flaw is immaterial, because rule 56(c) authorizes the court to issue an order of summary

1

The parties agree that the relevant period of time is 1998 and 1999. The record on the motion at bar establishes that during that period of time, the defendants jointly owned two motels (including the land and buildings associated with the businesses), the University Motor Inn ("UMI") and the Twin City Motor Inn ("TCM"). Plaintiff's Statement of Material Fact ("PSMF") ¶¶ 1-3. The plaintiff was an employee of the University Motor Inn during all of 1998 and part of 1999. PSMF ¶ 137. During all of 1998, UMI maintained at least eight employees on its payroll, and TCM maintained at least seven employees. PSMF ¶ 138. During all of 1999, UMI maintained at least seven employees on its payroll, and TCM maintained at least eight employees. PSMF ¶ 138.[2]

Neither UMI nor TCM was incorporated during the relevant period of time. PSMF ¶ 1. The defendants filed joint tax returns, which included the income generated by both motels. PSMF ¶ 6. The income that they received from those business ventures constituted most of their income overall. PSMF ¶ 11. When the parties first owned UMI, defendant John Robinson managed its operations. PSMF ¶ 4. However, prior to 1998, when the defendants acquired TCM, John Robinson was no longer involved in the day-to-day management of UMI. Defendants' Opposing Statement of Material Fact ("DOSMF") ¶ 4. Rather, those responsibilities, including hiring decisions, were Defendant Sharon Robinson's. DOSMF ¶¶ 8, 14.[3] Sharon Robinson, however, would consult with John Robinson regarding any "major changes" being considered at UMI. DOSMF ¶¶ 5, 8. When the defendants sold UMI, John Robinson participated in setting

---

judgment against a moving party. Therefore, even if the defendants' motion were disregarded because it was untimely, they would still be entitled to relief if warranted by the merits of the parties' submissions on the plaintiff's motion.

[2] In their initial opposing statement of material fact, the defendants denied these assertions that were part of the plaintiff's rule 56(h) statement. Subsequently, the defendants filed an amended opposing statement of material fact in which they admitted those assertions.

[3] In her statement of material fact, the plaintiff asserted that John Robinson sometimes made hiring decisions for UMI employees. *See* PSMF ¶ 14. The plaintiff's record references and the defendants' responsive record references reveal that he did so only until Sharon Robinson assumed the management responsibilities at UMI, which was prior to 1998.

2

the sales price and in the sales negotiations. PSMF ¶ 12. John Robinson did not consult with Sharon Robinson prior to making any major changes at TCM. DOSMF ¶ 9.[4]

Several employees who worked primarily at UMI occasionally performed limited services at TCM on infrequent occasions. PSMF ¶¶ 13, 15-16; DOSMF ¶¶ 13, 15-16. The same outside business provides payroll services for both motels. PSMF ¶ 10.

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. "A fact is material when it has the potential to affect the outcome of the suit." *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172 (citation and internal punctuation omitted).

"Even if the parties differ as to the legal conclusions to be drawn from the historical facts before the court, if there is no serious dispute as to what those facts are, consideration of a summary judgment is proper." *North East Insurance Co. v. Soucy*, 1997 ME 106, ¶ 8, 693 A.2d 1141, 1143. That is the case here: the record on the motion at bar establishes undisputed material facts. The parties' positions reflect differing legal conclusions that they draw from that body of uncontested facts.

The plaintiff argues here that UMI and TCM may properly be seen as a single employer for purposes of the MHRA, that consequently the number of employees from each motel may be counted as a single group, and that the size of that group of employees brings the plaintiff's claim into that statutory realm where she is entitled to a jury trial and to seek damages at law. In analyzing the question of whether UMI and TCM are single employers or a joint employer for purposes of the MHRA, the parties all rely on

---

[4] The plaintiff's assertion to the contrary, *see* PSMF ¶ 9, is not supported by the record reference she provides. In that reference, John Robinson testified at his deposition that it was "possible" that he consulted with Sharon Robinson before making any major decisions affecting TCM. This falls short of competent evidence that in fact he engaged in that consultation, particularly when this testimony is seen in light of Sharon Robinson's affirmative testimony that he never consulted with her regarding TCM. *See* DOSMF ¶ 9,

3

the four-part test that federal courts have borrowed from labor-relations law and injected into employment discrimination proceedings. This test, described as the "facts and circumstances" test,

> assesses the degree of (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership. . . . While each factor is indicative of interrelation and while control over the elements of labor relations is a central concern, . . . the presence of any single factor in the Title VII context is not conclusive. All four criteria need not be present in all cases and, even when no evidence of common control of labor relations policy is presented, the circumstances may be such that the Title VII single-employer doctrine is applicable. . . .
> The showing required to warrant a finding of single-employer status has been described as "highly integrated with respect to ownership and operations." . . . The test may also be satisfied by a showing that there is an amount of "participation [that] is sufficient and necessary to the total employment process," even absent "total control or ultimate authority over hiring decisions."

*Armbruster v. Quinn*, 711 A.2d 1332, 1337-38 (6th Cir. 1983) (citations omitted). In determining whether related entities should be treated as a single employer for purposes of employment discrimination claims, a case-by-case analysis applies. 1 LARSON, EMPLOYMENT DISCRIMINATION §5.02[5] (2d. ed. 2002).

Based on the undisputed record generated by the motion at bar, the court concludes that UMI and TCM cannot be treated as a joint employer for purposes of the plaintiff's MHRA claim. This conclusion results from an examination of the relationship between the two hotel operations under both the general *Armbruster* principles and the four specific criteria set out in that case. First, although the two businesses have common ownership, and although there are limited overlapping aspects to the operation of the two, the record demonstrates that the two businesses are not "highly integrated." *Armbruster*, 711 A.2d at 1338. Further, TCM's involvement in the management and operation of UMI cannot be described as "sufficient and necessary to the total employment process." *Id.* Rather, despite the defendants' joint ownership of the two businesses, they are managed and operated quite separately and independently of each other. Sharon Robinson consults with John Robinson about major decisions affecting UMI; it therefore is not surprising that he had some involvement in the process that resulted in the Robinsons' sale of UMI. However, John Robinson, who is primarily and perhaps exclusively responsible for managing TCM, does not participate in the ordinary and day-

4

to-day operations of UMI, including personnel issues and decisions. Even then, it is not TCM that is participating in matters internal to UMI. Rather, John Robinson – a co-owner of UMI – exercises a limited role in those affairs. Further, the fact that both UMI and TCM use the same payroll service, which, based on this record, appears to be a concern that is not otherwise affiliated with either UMI or TCM, is not a meaningful signal that the two motels have an integrated management process.

Second, the same conclusion results from consideration of the four factors that constitute the *Armbruster* "facts and circumstances" test. UMI and TCM have common ownership. However, for the reasons noted above, their day-to-day operations are not interrelated: in fact, they are separate. There is a narrow aspect of interrelationship only the discrete area of major decisions affecting UMI, when Sharon Robinson consults with John Robinson. Further, for this reason, management cannot be seen as "common." Finally, the record does not support a finding that labor relations in the two businesses are controlled centrally. As is noted above, for example, Sharon Robinson makes the hiring decisions at UMI, to the exclusion of John Robinson. Further, only several UMI employees worked at TCM, and the extent of that work was highly limited.

Therefore, UMI and TCM cannot be regarded as a single employer, and TCM's workforce cannot be considered in determining the nature of the rights and remedies to which the plaintiff may be entitled under the MHRA.

This conclusion, however, does not end the inquiry. Even when TCM's employees are not considered in determining the size of UMI's workforce, there remains the factual question of how many UMI employees existed in 1998 and 1999. This analysis, which raises issues of the number of employees and the amount of time they worked during the relevant time periods, cannot be addressed in the context of a summary judgment motion, because the record reveals genuine issues of material fact. Accordingly, a hearing will be required to allow the parties to present evidence on these factual issues. The court will schedule a conference of counsel prior to such a hearing in order to address the manner in which the parties' evidence may be presented. Prior to that conference, counsel shall confer regarding the procedural mechanism for the presentation of the evidence on this preliminary issue.

5

The entry shall be:

For the foregoing reasons, the plaintiff's motion for partial summary judgment is denied, and partial summary judgment is entered for the defendants. The court concludes that University Motor Inn and Twin City Motel Inn are not a joint employer for purposes of the plaintiff's claim under the Maine Human Rights Act. A further hearing shall be held to determine the number of employees of University Motor Inn for purposes of the MHRA.

Dated: July 29, 2002

_____
Justice, Maine Superior Court

Date Filed __5/18/01__  _____PENOBSCOT_____  Docket No. __CV-2001-98__

County

Action _____Civil-Civil Rights_____

ASSIGNED TO JUSTICE JEFFREY L. HJELM

| | | |
|---|---|---|
| PHYLLIS D. FREESE | vs. | SHARON ROBINSON and<br>JOHN ROBINSON |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT & GRIEF, P.A.<br>P O BOX 2339 - 82 Columbia Street<br>Bangor, Maine 04402-2339<br>BY: Arthur J. Greif, Esq. | WEATHERBEE WOODCOCK BURLOCK & WOODCOCK<br>P O BOX 1127<br>BANGOR ME 04402-1127<br>BY: Peter M. Weatherbee, Esq. |

| Date of<br>Entry | |
|---|---|
| 5/18/01 | Complaint filed. |
| 5/18/01 | Case File Notice Postcard forwarded to Plaintiff's Counsel. |
| 6/6/01 | Officer's Return of Service as to Sharon Robinson filed (s.d. 5/29/01) |
| 6/6/01 | Officer's Return of Service as to John Robinson filed (s.d. 5/29/01) |
| 6/15/01 | Defendants' Answer to Plaintiff's Complaint filed. |
| 6/19/01 | Notification of Discovery Service filed by Plaintiff, First Request for Production of Documents. |
| 6/21/01 | Scheduling Order filed. Discovery deadline is March 1, 2002. (Hjelm, J.) Copy forwarded to attorneys of record. |
| 6/28/01 | Plaintiff's Consent Motion for An Enlargement of Time Period Within Which a Jury Trial must be Demanded filed. |
| 7/18/01 | Defendants' Motion for Enlargement of Time within which to Answer Request for Production of Documents. |
| 7/19/01 | Order filed. Upon Motion, Defendants John and Sharon Robinson's Motion for Enlargement of Time Within Which to Answer Request for Production of Documents from July 18, 2001 to August 1, 2001 is hereby granted without objection. Discovery responses due by 8/1/01. (Hjelm, J.) Copy forwarded to attorneys of record. |
| 8/1/01 | Order filed. Plaintiff's consent motion for an enlargement of the time frame within which a jury trial must be demanded is hereby granted. The Court agrees that plaintiff's or defendants' right to a jury trial on this matter is dependent upon the number of employees employed by |