STATE OF MAINE

KENNEBEC, ss.

JEFFREY R. HOLMAN,

        Petitioner

v.

STATE TAX ASSESSOR,[1]

        Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-56
DHM-KEN - 3/18/2004

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 11 2004

The Defendant State Tax Assessor (Assessor) moves for summary judgment against the M.R. Civ. P. 80C administrative review of the Plaintiff Jeffrey R. Holman (Holman).

This case stems from the Maine Revenue Service (MRS) notifying Holman that there was no income tax return or payment filed for the 1992 tax year. MRS received information from the Internal Revenue Service that showed Holman had filed a federal tax return for tax year 1992, but MRS had no record of Holman filing a state income tax return for tax year 1992. MRS notified Holman about the missing tax records.[2] Holman was asked by MRS to produce copies of the tax returns and canceled checks from payment of the tax returns. Holman produced an unsigned copy of the 1992 state income tax returns. After further discussion with MRS, Holman requested administrative reconsideration of the tax assessment for tax year 1992. This reconsideration was denied and Holman now petitions for administrative review.

---

[1] Petitioner's petition is entitled Jeffrey R. Holman v. Maine Revenues Services, Anthony J. Neves, State Tax Assessor and Janet E. Waldron, Commissioner of the Department of Administrative and Financial Services. The respondent has answered with the heading of Jeffrey R. Holman, Petitioner v. State Tax Assessor, Respondent.

[2] The initial notification about the absence of tax records also indicates that no tax return for tax year 1994 was located as well. There does not now appear to be a dispute about the 1994 tax returns.

A motion for summary judgment is granted only when there are no genuine issues of material fact presented by the non-moving party. *See* M.R. Civ. P. 56. This court views the evidence in the light most favorable to the nonmoving party, and the plaintiff bears the burden of making a prima facie showing of each element of their claim in order to defeat summary judgment. *Prescott v. State Tax Assessor*, 1998 ME 250, ¶5, 721 A.2d 169, 171.

Under the taxation provisions of the Maine Revised Statutes, the taxpayer may request reconsideration of a tax assessment. 36 M.R.S.A. § 151 (2003). The Assessor's decision on reconsideration is considered a final agency action and may be reviewed under M.R. Civ. P. 80C, except that Title 5, sections 11006 and 11007 do not apply. *Id.* Under this modified administrative review, the burden of proof is on the taxpayer. *Id.*

Under section 153 of Title 36, the postmark on the envelope of any tax payment or return sent to MRS is deemed to be the date filed.

> If the document or payment is not received by that person or if the postmark date is illegible, omitted or claimed to be erroneous, the document or payment is deemed to have been filed or paid on the mailing date if the sender establishes by competent evidence that the document or payment was deposited with the United States Postal Service, postage prepaid and properly addressed, and, in the case of nonreceipt, files a duplicate document or makes payment, as the case may be, within 15 days after receipt of written notification by the addressee of the addressee's nonreceipt of the document or payment. A record authenticated by the United States Postal Service of mailing by registered mail, certified mail or certificate of mailing constitutes competent evidence of such mailing.

36 M.R.S.A. § 153. Further, under section 135, taxpayers are required to keep records of their returns for "as long as is required by applicable federal law and regulation." 36 M.R.S.A. § 135. The Federal law and regulations in this case appear to be 26 U.S.C. § 6501(a), (c) (2003) and 26 C.F.R. § 1.6001-1 (2003). Section 6501 provides that the general statute of limitations for assessing taxes is three years. 26 U.S.C. § 6501(a). One of the exceptions to this general rule is for the non-filing of a return. *Id.* at § 6501(c). There is

no statute of limitations where a return is not filed. *Id.* The regulations provide that the taxpayer must keep all relevant documents "so long as the contents thereof may become material in the administration of any internal revenue law." 26 C.F.R. § 1.6001-1(e).

In this case, the Assessor argues that Holman has not presented a genuine issue of material fact and that it is entitled to judgment as a matter of law. The Assessor first argues that MRS never received a return from Holman, and Holman has failed to establish by competent evidence that he filed a return. The Assessor also argues that the payment Holman made for tax year 1998 did not satisfy his 1992 tax obligation because Holman has failed to prove that he has filed a tax return for 1992, and the check which was paid in 1998 clearly indicated that it was for tax year 1993.

Holman argues that under 36 M.R.S.A. § 135 he is not required to retain his tax records for more than six years. Holman further argues that the MRS has made mistakes in the past and that MRS probably made a mistake this time, and that he should not have to pay the tax again. Holman also makes an argument about a refund from the 1994 tax year that does not appear to be relevant in this case.

The Assessor's statement of material fact (SMF) indicates that MRS did not show a record of a return filed for Holman.[3] The taxpayer was contacted about the problem. Holman ultimately filed for reconsideration with the Assessor, and the Assessor denied the reconsideration. The Assessor assessed Holman for taxes owed for tax year 1992, and Holman has not provided competent evidence that he had paid his taxes that year.

Although Holman argues that he is not required to retain records for more than six years, this argument does not avail him. Section 135 provides that income tax

---

[3] Holman denies this paragraph in his opposition to the motion for summary judgment. Holman claims that he was denied discovery in violation of M.R. Civ. P. 56(f). The request for documents which Holman sent was long before this review was filed. This response does not seem to effectively counter the Assessor's statement of material facts.

records must be retained for as long as necessary under federal law and regulations. The statute then states that all other taxes must be retained for six years. 36 M.R.S.A. § 135. Similarly, any errors by MRS do not provide Holman with a genuine issue of material fact to withstand summary judgment. Holman has not established in his statement of material fact that there was any error with regard to his tax return. At most he establishes that other taxpayers have proven that they filed returns through different kinds of evidence.

The entry will be:

The decision on reconsideration of the State Tax Assessor in the matter of Jeffrey and Gayle Holman, ID #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, dated July 26, 2002, is AFFIRMED.

Dated: March _18_, 2004

Donald H. Marden
Justice, Superior Court

Date Filed __8/27/02__ __Kennebec__ Docket No. __AP02-56__
County

Action __Petition for Review__
80C

J. MARDEN

Jeffrey R. Holman                              vs.    Maine Revenue Services & Janet Waldron

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jeffrey R. Holman, Pro Se<br>RR 1, Box 589<br>Belgrade, Maine  04917 | Crombie Garrett, AAG<br>6 State House Station<br>Augusta  ME  04333-0006 |

| Date of Entry | |
|---|---|
| 8/27/02 | Petition for Review, filed. s/Jeffrey Holman, Pro Se (attached exhibits A-J) |
| 9/5/02 | No record has been made and none will be filed.  s/C. Garrett, Esq. |
| 9/24/02 | Return certified receipts on Steven Rowe, AG, Anthony Neves and Janet Waldron. |
| 10/17/03 | Notification of Discovery service, filed.  s/C. Garrett, AAG.<br>Respondent's Notice of Deposition served on Jeffrey Holman on 10/15/03. |
| 1/12/04 | Respondent's Motion for Summary Judgment and Incorporated Memorandum of of Law, filed. s/Garrett, AAG<br>Respondent's Statement of Undisputed Facts, filed.<br>Affidavit of Lisa Greaton, filed.<br>Affidavit of Richard Truman, filed.<br>Affidavit of Crombie Garrett, Jr., filed.<br>Copy of Exhibits #1-#8, filed.<br>Request for hearing, filed. |
| 1/29/04 | Petitioner's Opposition to Respondent's Motion for Summary Judgment and Incorporated Memorandum of Law and Petitioner's Motion for Summary Judgme filed. s/Jeffrey Holman, Pro Se<br>Petitioner's Statement of Additional Undisputed Material Facts, filed. s/Jeffrey Holman, Pro Se<br>Proposed Order, filed. |
| 2/6/04 | Copy of Letter, filed. s/Garrett, AAG |
| 2/9/04 | Affidavit of Lisa Greaton, filed. s/Lisa Greaton |
| 2/12/04 | Respondent's Response to Petitioner's Opposition to Respondent's Motion f Summary Judgment and Opposition to Petitioner's Motion for Summary Judgment, filed. s/Garrett, AAG.<br>Respondent's Response to Petitioner's Statement of Additional Undisputed Material Facts, filed. s/Garrett, AAG.<br>Proposed Order, filed. |