STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-33

Dale Hadlock,
        Plaintiff/Counterclaim
        Defendant

v.

Order (Motion for Summary
Judgment); Judgment

DONALD L. GARBRECHT
LAW LIBRARY

SEP 8 2004

Sandra Dolliver et al.,
        Defendants/Counterclaim
        Plaintiffs

Pending before the court is Dale Hadlock's motion for summary judgment on the complaint and counterclaim. The court has reviewed the parties' submissions on the motion.

In support of his motion, Hadlock filed a statement of material fact pursuant to M.R.Civ.P. 56(h)(1). In response, the Dollivers filed an opposing statement of material fact. The Dollivers' submission, however, fails to comply with the requirements of rule 56(h). It does not properly set out record references; it does not properly state whether the Dollivers "admit, deny or qualify" the facts asserted in Hadlock's rule 56(h) statement; and it is not framed to correspond to the separate numbered paragraphs of Hadlock's statement. Therefore, the Dollivers have not properly controverted the assertions in Hadlock's statement of material facts, and those latter factual assertions are deemed to be admitted. *See* M.R.Civ.P. 56(h)(4). *See generally Kezer v. Mark Stimson Associates*, 1999 ME 184, ¶ 2 n.1, 742 A.2d 898, 900; *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 6, 721 A.2d 169, 172; *Moen v. Town of Fairfield*, 1998 ME 135, ¶8, 713 A.2d 321, 324.

Based on Hadlock's statement of material fact, the record establishes that the Dollivers executed a promissory note to Trigon, Inc. Plaintiff's Statement of Material

Fact, ¶ 1. The principal amount of the obligation was $60,000. *Id.* Trigon later assigned the note to Hadlock, and the Dollivers were notified of the assignment. *Id.*, ¶ 3. The Dollivers failed to make payments to Hadlock as required by the promissory note, thereby putting themselves into default. *Id.*, ¶ 6. The Dollivers are also in default of the note because they committed a breach of a security agreement associated with the note. *Id.* As of April 25, 2003 (shortly prior the commencement of this action), the Dollivers owed $69,307.04, including principal and interest. Under the terms of the note, because of the default, the Dollivers are also liable for reasonable attorneys fees and costs. *Id.*, ¶ 7.

In his complaint, Hadlock seeks a judgment for money damages based on claims that the Dollivers breached the terms of the promissory note (count 1), and that the Dollivers are liable for moneys loaned (count 2). Hadlock also claims that the Dollivers converted some personal property that was the subject of Hadlock's security interest under the parties' agreement (count 3). In his motion, Hadlock focuses on counts 1 and 2, and he has not attempted to build a separate record supporting the conversion claim. (For example, he presents no evidence regarding the value of any property allegedly converted.)

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. Here, the record on summary judgment establishes the Dollivers' liability on the note because it demonstrates the existence of an agreement, a breach and damages.

The Dollivers argue that Hadlock is not entitled to judgment on the note because he failed to exercise his rights, created by the security agreement, to proceed against the collateral. They further argue that if he had done so, their liability for money damages would be reduced or eliminated. This argument fails for several reasons. First, the record on summary judgment, when seen in light of the requirements of rule 56, does not provide factual support for such an argument. It makes no reference to any provisions of

the security agreement that even purport to impose such an obligation on Hadlock, and there is no factual information regarding the existence, disposition or value of any such collateral.[1]

Second, even if the issue were properly generated, the language of section VI(E)(1) of the security agreement unambiguously states that the secured party (namely, Hadlock) "may" exercise his rights to collect the secured property if the Dollivers fell into default. *Villas by the Sea Owners Ass'n v. Garrity*, 2000 ME 48, ¶ 9, 748 A.2d, 457, 461 ("When the language of an agreement is unambiguous,. . .it must be given its plain meaning."). Further, section VI(B) of the security agreement provides that whenever the Dollivers were in default, Hadlock was entitled to full payment under the note "at any time thereafter [the default]. . . ." The Dollivers do not point to any provision of their agreements with Hadlock requiring him to exercise rights involving the collateral prior to any action he is entitled to take against them directly. The court concludes that Hadlock is not required to obtain satisfaction of the Dollivers' obligation to him through the collateral as a condition precedent to any action for damages against them directly.

Finally, the Dollivers challenge the form of Hadlock's affidavit. The court finds, however, that the affidavit satisfies the requirements of rule 56(e).

The Dollivers have not challenged the amount that is outstanding under the note or the amount of attorney's fees and costs that Dolliver claims. The record on summary judgment (particularly, Hadlock's written declaration of default) reveals that, of the total amount due as noted above, the principal balance is $57,116.23.

The entry shall be:

For the foregoing reasons, the plaintiff's motion for summary judgment is granted. On the complaint, judgment is entered for the plaintiff and against the defendants, jointly and severally, in the principal amount of $57,116.23, plus interest of $12,190.81, plus additional interest at the annual rate of 7% compounded annually from April 25, 2003. The plaintiff is also awarded attorney's fees and expenses of $4,960.88

---

[1] The Dollivers asserted a counterclaim against Hadlock. In their objection to the motion at bar, the Dollivers do not make any argument based on most of the factual allegations in their responsive pleading. The only contention that is raised in the present context is that Hadlock failed to exercise his rights under the security agreement and that he therefore cannot maintain this action for money damages. This issue is addressed in the text.

as of February 17, 2004, and he is awarded his costs of court not otherwise included in those fees and expenses.

On the counterclaim, judgment is entered for the counterclaim defendant (the plaintiff).

Dated: August 4, 2004

_____
Justice, Maine Superior Court

FILED &
ENTERED

AUG 0 5 2004

SUPERIOR COURT
HANCOCK COUNTY